UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK VAUGHN,

                Plaintiff,

-v-

PHOENIX HOUSE FOUNDATION, INC. and
PHOENIX HOUSES OF NEW YORK, INC.,

                Defendants.

No. 14-CV-3918 (RA)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO DISMISS THE THIRD AMENDED COMPLAINT FILED BY PHOENIX HOUSE FOUNDATION, INC. AND PHOENIX HOUSES OF NEW YORK, INC.**

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Defendant Phoenix House Foundation, Inc. and Phoenix Houses of New York, Inc.*

October 5, 2018

# TABLE OF CONTENTS

                                                                                                                                                         Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT ..............................................................................................................................1

I.      PLAINTIFF'S ALLEGATIONS ARE INSUFFICIENT TO SURVIVE A MOTION TO DISMISS .................................................................................................1

           A.     FLSA Cases Are Frequently Dismissed At The Motion To Dismiss Stage. ............1

           B.     The TAC Should Be Dismissed Because The Glatt Criteria Overwhelmingly Show That Plaintiff Is Not An Employee. .............................................................3

II.     THE STATUTE OF LIMITATIONS APPLICABLE TO PLAINTIFF'S CLAIM IS TWO YEARS AND THUS HIS CLAIM IS UNTIMELY ................................................7

III.    PLAINTIFF'S UNTIMELY ADDITION OF PHOENIX HOUSE FOUNDATION DOES NOT RELATE BACK TO THE AMENDED COMPLAINT ................................9

CONCLUSION .........................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Addison v. Reitman Blacktop, Inc. 283 F.R.D. 74, 84 (E.D.N.Y. 2011) ........................................9

Ashcroft v. Iqbal, 556 U.S. 662 (2009).....................................................................................7, 8

Baguidy v. Boro Transit Inc., 283 F. Supp. 3d 14 (E.D.N.Y. 2017) ..............................................7

Briggs v. Cty. of Monroe, 215 F. Supp. 3d 213 (W.D.N.Y. 2016).................................................9

Brock v. Superior Care, Inc., 840 F.2d 1054 (2d Cir. 1988) ........................................................2

Chen v. Major League Baseball Props. Inc., 798 F.3d 72 (2d Cir. 2015)......................................2

Danneskjold v. Hausrath, 82 F.3d 37, 44 (2d Cir. 1996)..............................................................6

Diaz v. Consortium for Worker Educ., Inc., No. 10 Civ. 01848 (LAP), 2010 WL
    3910280 (S.D.N.Y. Sept. 28, 2010).................................................................................2, 3

Doyle v. City of New York, 91 F. Supp. 3d 480 (S.D.N.Y. 2015)..................................................6

Elliot-Leach v. N.Y.C. Dep't of Educ., 201 F. Supp. 3d 238 (E.D.N.Y. 2016) ..............................2

Fischer v. Forrest, Nos. 14 Civ. 1304 (PAE) (AJP), 14 Civ. 1307 (PAE) (AJP),
    2017 WL 128705 (S.D.N.Y. Jan. 13, 2017) .........................................................................9

Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528 (2d Cir. 2016) ................................... passim

Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901 (S.D.N.Y. 2013).......................................8

Kavazanjian v. Naples, No. 06-CV-3390 (JG), 2006 WL 2795220 (E.D.N.Y.
    Sep. 26, 2006) .....................................................................................................................6

McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1998)..........................................................7, 8

Merryman v. J.P. Morgan Chase Bank, NA, 319 F.R.D. 468 (S.D.N.Y. 2017)............................10

Salinas v. Starjem Restaurant Corp., 123 F. Supp. 3d 442 (S.D.N.Y. 2015) .................................8

Sandler v. Benden, 715 F. App'x 40 (2d Cir. 2017)..................................................................2, 4

Vaughn v. Phoenix House Programs of N. Y., No. 14-CV-3918 (RA), 2015 WL
    5671902 (S.D.N.Y. Sept. 25, 2015)......................................................................................6

Velarde v. GW GJ, Inc., 14-CV-695S(Sr), 2016 U.S. Dist. LEXIS 159692
    (W.D.N.Y. Nov. 16, 2016)....................................................................................................2

Vlad-Berindan v. N.Y.C. Metro. Transp. Auth., No. 14-CV-10304 (VEC)(FM),
    2016 WL 1317700 (S.D.N.Y. Mar. 30, 2016) ...............................................................................4

Wang v. Hearst Corp., 203 F. Supp. 3d 344 (S.D.N.Y. 2016) ......................................................1, 2

**Statutes & Rules**

Fed. R. Civ. P.12(c) ..........................................................................................................................2

Fed. R. Civ. P.12(b)(6).....................................................................................................................2

Fed. R. Civ. P.15(c)(1)(C)(ii)......................................................................................................9, 10

Phoenix House Foundation, Inc. ("PHF") and Phoenix Houses of New York, Inc. ("PHNY") (collectively, "Defendants") respectfully submit this reply memorandum in support of their Motion to Dismiss the Third Amended Complaint ("MTD") in this action.

## PRELIMINARY STATEMENT

Plaintiff's Opposition to the MTD (the "Opposition") further underscores the incurable defects of his Third Amended Complaint ("TAC"). No matter how many times Plaintiff asserts that his experiences as a PHNY patient rendered him an "employee", he simply does not—and cannot—articulate how Defendants benefitted from the work he did while being treated at PHNY, let alone that they were the primary beneficiaries of Plaintiff's time in the program. Even assuming, for purposes of this motion only, that Plaintiff's therapy was ineffective or that his work requirements were "menial" and "solitary", he cannot credibly deny that, at a minimum, the program kept him from spending time in prison, something that is a substantial benefit to Plaintiff himself. Absent factual allegations that Defendants received some advantage greater than this, Plaintiff cannot maintain his FLSA claim, the only one that remains.

## ARGUMENT

I. PLAINTIFF'S ALLEGATIONS ARE INSUFFICIENT TO SURVIVE A MOTION TO DISMISS

   A. FLSA Cases Are Frequently Dismissed At The Motion To Dismiss Stage.

Unable to defend the TAC on its merits, Plaintiff's Opposition asserts that "[c]ourts rarely dismiss FLSA complaints at the pleading stage because whether a worker is covered by the Act is a fact-intensive inquiry." (Opp'n at 7-8.) This is plainly wrong. Courts routinely dismiss cases when plaintiffs fail to plead an adequate FLSA claim, because whether a person is considered an "employee" is a question of law. See, e.g., Wang v. Hearst Corp., 203 F. Supp. 3d 344, 350 (S.D.N.Y. 2016) (noting that "while 'the existence and degree of each [Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528 (2d Cir. 2016)] factor is a question of

fact[,] . . . whether workers are employees or interns is a question of law'") (quoting Brock v. Superior Care, Inc., 840 F.2d 1054, 1058-59 (2d Cir. 1988) (alteration omitted)); Sandler v. Benden, 715 F. App'x 40, 44-45 (2d Cir. 2017) (affirming district court's dismissal of plaintiff's case at the pleading stage for failing to allege sufficient facts to show that plaintiff was not an intern under Glatt).[1]

Indeed, courts are obligated to ascertain whether a party bearing the burden of proof has met that burden at the pleading stage. Because "[t]he strictures of . . . the FLSA . . . apply only to employees", the fact-finder cannot weigh the factual issues and determine whether a party is entitled to relief until the legal question of whether the party is an employee has been resolved. Glatt, 811 F.3d at 534; Wang, 203 F. Supp. at 350, 354. And, to the extent needed, courts perform factual analysis as part of their mandate to resolve this question of law. See, e.g., Velarde v. GW GJ, Inc., No. 14-CV-695S(Sr), 2016 U.S. Dist. LEXIS 159692, at *15-22 (W.D.N.Y. Nov. 16, 2016) (assessing the Glatt factors and concluding that "the totality of the circumstances alleged by plaintiff fail to plausibly allege" that he was an employee, resulting in a finding for defendants at the pleading stage) recommendation accepted in entirety Text Order, Velarde v. GW GJ, Inc., 14-CV-695S(Sr) (W.D.N.Y. Jan. 1, 2017), ECF No. 50[2]; Diaz v.

---

[1] See also, e.g., Chen v. Major League Baseball Prop. Inc., 798 F.3d 72, 83 (2d Cir. 2015) (affirming dismissal of plaintiffs' complaints at the pleading stage because they were not subject to the provisions of the FLSA due to an exemption); Elliot-Leach v. N.Y.C. Dep't of Educ., 201 F. Supp. 3d 238, 245 (E.D.N.Y. 2016) (granting defendants' motion to dismiss because plaintiff failed to allege facts "to support a reasonable inference that she is entitled to relief"); Diaz v. Consortium for Worker Educ., Inc., No. 10 Civ. 01848 (LAP), 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010) (dismissing plaintiffs' complaint at the pleading stage because they "failed to sufficiently allege that [the defendant organization] was . . . their 'employer' within the meaning of the FLSA");

[2] This case was resolved on a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which "employs the same standard as a motion to dismiss pursuant to Rule 12(b)(6)." Velarde, 2016 U.S. Dist. LEXIS 159692, at *7.

Consortium for Worker Educ., Inc., No. 10 Civ. 01848 (LAP), 2010 WL 3910280, at *2-4 (S.D.N.Y. Sept. 28, 2010) (analyzing the "economic reality" test and concluding that plaintiff failed to plead adequately that the defendant organization was an employer for FLSA purposes).

    B.    <u>The TAC Should Be Dismissed Because The Glatt Criteria Overwhelmingly Show That Plaintiff Is Not An Employee.</u>

As demonstrated in Defendants' MTD, the <u>Glatt</u> criteria, which assist courts in deciding this threshold legal question, overwhelmingly support a finding that Plaintiff is not an employee. (<u>See</u> MTD at 6-10.) The Opposition does not explain how <u>Glatt</u>'s three-part primary beneficiary test could plausibly demonstrate that Phoenix House benefited more from the relationship than Plaintiff. As set forth in the MTD, these three features, "focus[] on what the intern receives in exchange for his work"; "examine the economic reality as it exists between the intern and the employer" and acknowledge that the intern-employer relationship should not be analyzed in the same manner as the standard employer-employee relationship because "the intern enters into the relationship with the expectation of receiving educational or vocational benefits that are not necessarily expected with all forms of employment". (MTD at 6 (citing <u>Glatt</u>, 811 F.3d at 536).)

All three features weigh in favor of Defendants. By seeking treatment at PHNY, Plaintiff avoided jail and a criminal conviction (his undisputed primary purpose for entering rehabilitation). Plaintiff received treatment—putting aside the disagreement about whether his work constituted treatment, even Plaintiff admits that he received some hours of therapy every week. Plaintiff was housed and fed and given the chance to live in a drug-free environment with no responsibilities to the outside world. Plaintiff also received general work and life skills training and also specific vocational training. Plaintiff has not alleged that Defendants profited from his stay. He has not alleged that he took part in any level of commerce. Plaintiff has not even alleged that any of his fellow patients at PHNY found their work obligations bothersome.

3

Plaintiff's allegations—even if true—only demonstrate that he participated in a residential community where he was expected to contribute. And when he did not follow through with the actions he committed to take when he entered the program, rather than getting kicked out, Plaintiff was given multiple and repeated opportunities to learn, improve, and stay. All these features are entirely consistent with a drug rehabilitation center/patient relationship and entirely inconsistent with an employer/employee relationship.

The seven Glatt factors only further demonstrate that the "economic reality" of the relationship was not one of employer-employee. Every Glatt factor weighs in favor of Defendants, but that is not even the standard by which Defendants are measured. Rather, the standard is whether the relevant factors, taken in their "totality", tip in favor of Defendants. See Sandler, 715 F. App'x at 43 ("In applying these non-exhaustive factors, courts 'weigh[ ] and balanc[e]' the totality of the circumstances. . . . 'No one factor is dispositive and every factor need not point in the same direction for the court to conclude that the intern is not an employee entitled to the minimum wage.'") (quoting Glatt, 811 F.3d at 537); see also Vlad-Berindan v. N.Y.C. Metro. Transp. Auth., No. 14-CV-10304 (VEC)(FM), 2016 WL 1317700, at *7 (S.D.N.Y. Apr. 1, 2016) (dismissing plaintiff's FLSA claims at the motion-to-dismiss stage after weighing the Glatt factors and finding that plaintiff was clearly an intern, "even though some of the Glatt factors point[ed] towards [p]laintiff being an employee"). Defendants clearly meet this standard as the totality of the circumstances demonstrate that Plaintiff was not an employee—he, at best, was more analogous to an intern during his stay as a patient—and therefore was the primary beneficiary of the relationship.

Significantly, Plaintiff himself concedes that two of the seven <u>Glatt</u> factors (factors one and seven)[3] weigh in favor of Defendants. (Opp'n at 10 n.5.) <u>Glatt</u> factors two, three and four[4] weigh in Defendants' favor because the work Plaintiff alleges he performed was, as described in numerous OASAS regulations, a critical, and in some instances, mandated aspect of drug rehabilitation therapy, which provided patients with necessary skills to help them reintegrate into society. (<u>See</u> MTD at 8.) Plaintiff's characterization of the job functions as "menial" (Opp'n at 10) does not negate the fact that, given Plaintiff's circumstances—receiving substance abuse treatment in lieu of incarceration—Plaintiff was exposed to a multitude of practical skills and the responsibility of completing tasks, which is an important tool in any job function and in society.

<u>Glatt</u> factor five[5] weighs in Defendants' favor because it is clear, and Plaintiff does not disagree, that Plaintiff's stay at PHNY was limited to his treatment progress. The work

---

[3] The first and seventh factors respectively ask: "(1) The extent to which the intern and the employer clearly understand that there is no expectation of compensation. Any promise of compensation, express or implied, suggests that the intern is an employee—and vice versa"; and "(7) [t]he extent to which the intern and the employer understand that the internship is conducted without entitlement to a paid job at the conclusion of the internship". <u>Glatt</u>, 811 F.3d at 536-37.

[4] The second, third and fourth factors respectively ask: "(2) The extent to which the internship provides training that would be similar to that which would be given in an educational environment, including the clinical and other hands-on training provided by educational institutions; (3) [t]he extent to which the internship is tied to the intern's formal education program by integrated coursework or the receipt of academic credit; [and] (4) [t]he extent to which the internship accommodates the intern's academic commitments by corresponding to the academic calendar". <u>Id.</u> at 537.

[5] The fifth <u>Glatt</u> factor asks "[t]he extent to which the internship's duration is limited to the period in which the internship provides the intern with beneficial learning". <u>Glatt</u>, 811 F.3d at 537.

function of his therapy was thus similarly limited to his treatment progression and indeed was geared towards expediting Plaintiff's recovery.[6]

The sixth Glatt factor[7] also weighs in PHNY's favor. Plaintiff relies heavily on the fact that he performed some of his work function alone (that is, without a second person) to suggest that this factor favors him. (Opp'n at 13 (citing TAC ¶¶ 31, 32, 33 34, 47).) However, even assuming this were true, Plaintiff does not (and cannot) dispute the fact that he was being actively monitored and supervised, as evidenced by the numerous interventions pointed out in the record. (MTD at 9.) Indeed, that PHNY granted Plaintiff the opportunity to take such responsibility in some circumstances (with significant effort expended in instructing Plaintiff) was part of the therapeutic goal of readying him for reintegration into society. (See MTD at 9.) Plaintiff's work tasks provided him with, among other things, "an opportunity for job skills and training". Kavazanjian v. Naples, No. 06-CV-3390 (JG), 2006 WL 2795220, at *2 (E.D.N.Y. Sep. 26, 2006).

In support of their arguments evaluating the Glatt criteria, Defendants cite to a wide variety of legal and industry regulations and standards that show, unequivocally, that the

---

[6] Plaintiff premises much of his Opposition on the argument that "the presence of a rehabilitative element does not preclude an employment relationship" (Opp'n at 6, 9), but this does not change the fact that Plaintiff is still required to plead a claim that is "plausible on its face"—something he has failed to do. If, for example, Plaintiff had alleged that he was required to spend many hours per week making t-shirts that were commercially sold, that may suggest an FLSA relationship. However, the work assignment described in the TAC "related to the operation of Phoenix House"; Plaintiff did not "'produce goods or services that [were] sold in commerce,' but rather, merely provided services for the facility where he received treatment." Vaughn v. Phoenix House Programs of N. Y., No. 14-CV-3918 (RA), 2015 WL 5671902, at *8 (S.D.N.Y. Sept. 25, 2015) (quoting Danneskjold v. Hausrath, 82 F.3d 37, 44 (2d Cir. 1996); Doyle v. City of New York, 91 F. Supp. 3d 480, 489-90 (S.D.N.Y. 2015).

[7] The sixth Glatt factor asks "[t]he extent to which the intern's work complements, rather than displaces, the work of paid employees while providing significant educational benefits to the intern". Id.

work requirements described in the TAC are a regular part of substance abuse treatment. Plaintiff's Opposition fails to address any aspect of these regulations, because there is nothing he can say to refute them. Instead, Plaintiff offers nebulous allegations that "his work therapy was untherapeutic [sic] and largely menial" (Opp'n at 12 (quoting TAC ¶¶ 1, 31, 33, 46)) and "conflicted with his therapeutic goals" (Opp'n at 12 (quoting TAC ¶¶ 2, 28-29, 51).) These assertions, aside from being directly contrary to the relevant OASAS standards Plaintiff himself cites, lack the specificity necessary to survive a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## II. THE STATUTE OF LIMITATIONS APPLICABLE TO PLAINTIFF'S CLAIM IS TWO YEARS AND THUS HIS CLAIM IS UNTIMELY

Plaintiff's claim that Defendants "wilfully" violated the FLSA and are therefore subject to a three-year statute of limitations is also without merit. Rather than alleging any facts showing willfulness, Plaintiff attempts to sidestep the issue by listing cases stating that willfulness is a fact-intensive inquiry that is not always appropriate for a motion to dismiss. (Opp'n at 14-15.) But again, courts can and do dismiss claims at the pleading stage when plaintiffs fail to allege any plausible facts indicating that a defendant wilfully disregarded the FLSA. See, e.g., Baguidy v. Boro Transit Inc., 283 F. Supp. 3d 14, 29 (E.D.N.Y. 2017) (dismissing plaintiff's FLSA claims for "fail[ing] to make any showing that Boro's alleged discrimination was willful").

Plaintiff's TAC falls well below the bar that is required to show willfulness. In order for Plaintiff to be afforded a three-year statute of limitations for a willful violation rather than two years for an ordinary violation, he must establish that PHNY either "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]". McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1998). "Reckless disregard 'involves actual knowledge of a legal requirement, and deliberate disregard of the risk that one is in

violation.'" Salinas v. Starjem Restaurant Corp., 123 F. Supp. 3d 442, 477 (S.D.N.Y. 2015) (emphasis added) (quoting Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 937-38 (S.D.N.Y. 2013)).  Plaintiff claims to have "pled more than a general averment of willfulness" through his allegations that PHNY failed to "investigate [his] complaints that his work assignments were too onerous" and that PHNY did not conduct an investigation into its work requirements after "OASAS suspended admissions at several facilities in New York".  (Opp'n at 15.)  Neither of these allegations suggest that PHNY had knowledge or showed reckless disregard that it had any sort of obligations to Plaintiff under the FLSA.  See McLaughlin, 486 U.S. at 133.  Even assuming that Plaintiff's work therapy was too onerous, that has nothing to do with whether PHNY knew or should have known that Plaintiff—as a patient undergoing substance abuse treatment—was now subject to the FLSA as an employee of PHNY.

Similarly, vague allegations that OASAS suspended admission facilities for regulatory violations[8] does nothing to show that PHNY knew or showed reckless disregard that it was violating the FLSA with respect to any patient, let alone Plaintiff.  (See Opp'n at 4 (citing TAC ¶¶ 65-69).)  Indeed, those allegations do not pertain to Plaintiff or the PHNY facilities at issue in this case.  Plaintiff has failed to plausibly allege that Defendants had knowledge that he,

---

[8] Plaintiff attempts to undermine Defendants' credibility by making ambiguous references to alleged regulatory violations at Phoenix House facilities not even at issue in this case.  Plaintiff does not (and cannot) claim that the allegations in TAC ¶¶ 65-69 relate to the PHNY facilities at which he stayed.  Nor did these alleged regulatory violations implicate the FLSA.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft, 566 U.S. at 678 (emphasis added).  Plaintiff has no personal knowledge regarding the facts alleged in TAC ¶¶ 65-69, and they have no bearing on Plaintiff's case; accordingly, they cannot support a finding that PHNY is liable for failing to pay Plaintiff as an "employee" under the FLSA.  If anything, Plaintiff's questionable references to these alleged violations only highlight that the proper body to investigate any regulatory irregularities is OASAS and not this Court under the FLSA.

their patient receiving care for substance abuse addiction, should simultaneously be considered their employee—particularly given that the governing case law has rejected such a theory for the past 70 years. (See MTD at 15-18.) Accordingly, because he filed his Complaint outside the two years afforded an ordinary claim under the FLSA, this Court should dismiss Plaintiff's claim as untimely.

III. PLAINTIFF'S UNTIMELY ADDITION OF PHOENIX HOUSE FOUNDATION DOES NOT RELATE BACK TO THE AMENDED COMPLAINT

Plaintiff's addition of PHF cannot relate back to the Amended Complaint because Rule 15(c)(1)(C)(ii) does not contemplate the addition of a party where no mistake was made and a proper party was already identified in the original complaint. See Fischer v. Forrest, 14 Civ. 1304 (PAE) (AJP), 14 Civ. 1307 (PAE) (AJP), 2017 WL 128705, at *10 (S.D.N.Y. Jan. 13, 2017); Briggs v. Cty. of Monroe, 215 F. Supp. 3d 213, 217 (W.D.N.Y. 2016). Here, Plaintiff relies on the fact that PHF and PHNY share headquarters and counsel to allege that the TAC should relate back to the Amended Complaint. (Opp'n at 17.) This is insufficient.

For relation back to apply, Plaintiff must have identified an "improper party" to the suit that is now being "changed". See Fischer, 2017 WL 128705, at *10; Briggs, 215 F. Supp. 3d at 217. Here, he did not—rather, he identified PHNY,[9] which is a separate and distinct entity from PHF. Plaintiff's reliance on Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74 (E.D.N.Y. 2001) (Opp'n at 16) is misplaced given that the court there permitted relation back because the entities in question were "nominally distinct" and because the plaintiff alleged that they were "part of a single integrated enterprise." 283 F.R.D. 74, 84 (E.D.N.Y. 2011). Here, PHF and PHNY are in fact distinct entities, rather than nominally distinct and shared

---

[9]Indeed, Plaintiff incorrectly identified PHNY in the Amended Complaint. However, PHNY understood that Plaintiff intended to name it as a party to his suit. PHF, on the other hand, had no reason to think it should have been a party to Plaintiff's suit at the Amended Complaint stage.

9

headquarters and counsel does not eliminate that real distinction.  In addition, Plaintiff makes no allegation that PHF and PHNY were "part of a single integrated enterprise".  Furthermore, because Plaintiff has failed to identify "a mistake that caused [PHF] to be omitted from the [Amended C]omplaint", Rule 15(c)(1)(C)(ii) does not apply.  See Merryman v. J.P. Morgan Chase Bank, NA, 319 F.R.D. 468, 473 (S.D.N.Y. 2017).  That he was a pro se litigant does not alter that requirement.  The only reasonable inference is that Plaintiff is adding another potentially liable party at the eleventh hour to increase his odds of obtaining relief.  Accordingly, PHF should be dismissed from the case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss the Third Amended Complaint.

October 5, 2018

           CRAVATH, SWAINE & MOORE LLP

           by  _____/s/ Rachel G. Skaistis_____
                       Rachel G. Skaistis
                       Marie D. Howick
                       Justin M. Ndichu

                825 Eighth Avenue
                New York, NY 10019
                  (212) 474-1000

           *Attorneys for Defendants Phoenix House Foundation, Inc. and Phoenix Houses of New York, Inc.*